

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

FILED-USDC-NDTX-DA
'26 JUN 30 PM 1:57

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>HECTOR ASDRUBAL GARCIA ZUNIGA,<br>    a.k.a. "Murry," a.k.a. "Munra" (1);<br><br>CARLOS LUIS ZAMBRANO BOLIVAR (2);<br><br>JHONNY JESUS MARTINEZ SERRANO (3);<br><br>JHONATAN NAHIN TORO GONZALEZ (4);<br><br>EHIKER ALEXANDER MORALES MENDOZA,<br>    a.k.a. "El Ingeniero," a.k.a. "El Negro" (5) | NO.<br>**3-26CR-338  E**<br><br>Count 1: 18 U.S.C. § 1962(d):<br>Racketeering Conspiracy<br><br>Count 2: 18 U.S.C. § 1959(a)(1):<br>Murder in Aid of Racketeering; 18<br>U.S.C. § 2: Aiding and Abetting<br><br>Count 3: 18 U.S.C. § 1959(a)(1):<br>Kidnapping in Aid of Racketeering; 18<br>U.S.C. § 2: Aiding and Abetting<br><br>Count 4: 18 U.S.C. § 924(c)(1)(A):<br>Using and Carrying a Firearm During<br>and In Relation to a Crime of Violence<br><br>Count 5: 18 U.S.C. § 924(j): Causing<br>Death Through the Use of a Firearm |

The Grand Jury charges:

COUNT 1
(Racketeer Influenced Corrupt Organizations (RICO) Conspiracy)

At all times relevant to this Indictment,

THE TREN DE ARAGUA ("TdA") ENTERPRISE

1.    The defendants, HECTOR ASDRUBAL GARCIA ZUNIGA, a.k.a. "Murry," a.k.a. "Munra;" CARLOS LUIS ZAMBRANO BOLIVAR; JHONNY JESUS MARTINEZ SERRANO; JHONATAN NAHIN TORO GONZALEZ; EHIKER ALEXANDER MORALES MENDOZA, a.k.a. "El Ingeniero," a.k.a. "El Negro;" and other persons known and unknown to the Grand Jury, were members and associates of Tren de Aragua, a criminal organization operating in and around Texas and throughout North, South, and Central America and Spain, otherwise known and hereinafter referred to as TdA. TdA's members and associates have engaged in criminal activities, including but not limited to, murder, kidnapping, and bank fraud. TdA, including its leaders, members, and associates, constituted an "enterprise," as defined in Title 18, United States Code, Section 1961(4), namely, a group of individuals associated in fact, although not a legal entity, that engaged in, and the activities of which affected, interstate and foreign commerce. The enterprise constituted an ongoing organization whose members and associates functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

2.    TdA operated within the Northern District of Texas and elsewhere.

3.    TdA originated in the state of Aragua, Venezuela, in approximately 2009 and used the Tocoron prison as a center of operations to orchestrate and conduct criminal activities, that primarily impacted Venezuela and other South American countries. TdA was largely composed of persons from South America, mostly from Venezuela. In the following years, gang members and associates left Venezuela and spread throughout North, South, and Central America and Spain, which expanded TdA's presence. TdA members and associates established a strong gang presence in Colombia, Chile, Peru, Mexico, the United

States, including the Northern District of Texas, the District of Colorado, and elsewhere. As a result, TdA operated as a national and international criminal organization with its members and associates regularly conducting gang activities across the Western Hemisphere.

4.      TdA in the United States was organized by geographic area of operation into subsets, or cells. Each regional cell typically had one or more leaders who were responsible for, among other things, managing the criminal enterprise's activities in the territory, collecting money from other members and associates to finance gang activities and crimes, directing day-to-day management of the region, and planning and ordering acts of violence against rival gang members, associates, and other victims. The leaders of these subsets or cells reported to, received directives from, and distributed criminally-derived assets and proceeds to TdA leaders throughout the United States, Mexico, Central America, and South America.

5.      HECTOR ASDRUBAL GARCIA ZUNIGA, a.k.a. "Murry," a.k.a. "Munra," was a leader, member, and associate of TdA and participated in unlawful and other activities in furtherance of the conduct of TdA's affairs. Under GARCIA ZUNIGA's direction, TdA members and associates engaged in a wide range of crimes, including kidnapping, murder, and bank fraud.

<u>PURPOSES OF THE ENTERPRISE</u>

6.      The purposes of the TdA enterprise included, but were not limited to, the following:

3

a.    Preserving, promoting, and protecting the power, territory, and profits of the enterprise through the use of intimidation and violence, including, but not limited to, acts involving murder, assault, kidnapping, and threats of violence;

b.    Enriching members and associates of the enterprise through criminal activities, including, but not limited to, kidnapping and bank fraud.

c.    Increasing TdA's control and authority over its territory and profits through threats, intimidation, and acts of violence against those who violate the rules of the enterprise;

d.    Promoting and enhancing the enterprise and its members' and associates' activities;

e.    Keeping victims and potential victims in fear of the enterprise and in fear of its members and associates, through violence and threats of violence;

f.    Providing financial support and information to the leaders, members and associates of the enterprise, both throughout the United States and Central and South America; and

g.    Providing assistance to members and associates of the TdA enterprise who committed crimes for and on behalf of TdA, in order to hinder, obstruct, and prevent law enforcement officers from identifying the offenders of those crimes, apprehending the offenders, and successfully prosecuting and punishing the offenders.

## MANNER AND MEANS OF THE ENTERPRISE

7.     Among the manner and means by which members and associates of the TdA enterprise conducted and participated in the conduct of the affairs of the TdA enterprise were the following:

a.     To protect and expand the enterprise's power and territory, members and associates of the enterprise conspired to commit, attempted to commit, and committed acts of violence, including acts involving murder, kidnapping, assault, and threats against associates of the enterprise who violated the enterprise's rules, and civilians not involved in gang activities;

b.     In the course of carrying out the criminal activities of the enterprise, members and associates of the enterprise carried and used dangerous weapons, including firearms;

c.     To generate income for the enterprise, TdA members and associates participated in bank fraud, the profits of which were required to be shared between members of the enterprise and a portion of the profits were regularly sent to the enterprise's leaders in the United States and South America;

d.     Members and associates of the enterprise used the enterprise's reputation for violence to further the members' and associates' criminal activities and enforce the rules of the enterprise.

## THE RACKETEERING CONSPIRACY

8.     Beginning on or about a date unknown, but starting no later than 2024, and continuing until at least on or about the date of this Indictment, in the Northern District of

Texas and elsewhere, HECTOR ASDRUBAL GARCIA ZUNIGA, a.k.a. "Murry," a.k.a. "Munra;" CARLOS LUIS ZAMBRANO BOLIVAR; JHONNY JESUS MARTINEZ SERRANO; JHONATAN NAHIN TORO GONZALEZ; EHIKER ALEXANDER MORALES MENDOZA, a.k.a. "El Ingeniero," a.k.a. "El Negro;" and others known and unknown to the Grand Jury, each being a person acting on behalf of and associated with TdA, an enterprise engaged in, and the activities of which affected, interstate and foreign commerce, knowingly, willfully, and unlawfully combined, conspired, confederated, and agreed with one another, and with others unknown to the Grand Jury, to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate directly and indirectly in the conduct of the affairs of the enterprise through a pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961 and 1961(5), which pattern of racketeering consisted of:

    a.  Multiple acts involving:

        1.  Murder, chargeable under Texas Penal Code Sections 19.02 (murder), 19.03 (capital murder), 7.01 (parties to offenses), and 7.02 (criminal responsibility for conduct of another);

        2.  Kidnapping, chargeable under Texas Penal Code Sections 20.03 (kidnapping), 20.04 (aggravated kidnapping), 7.01 (parties to offenses), and 7.02 (criminal responsibility for conduct of another);

3. Robbery, chargeable under Texas Penal Code Sections 29.02 (robbery), 15.01 (criminal attempt), 7.01 (parties to offenses), and 7.02 (criminal responsibility for conduct of another);

b. Multiple acts indictable under Title 18, United States Code, Section 1201 (kidnapping) and Title 18, United States Code, Section 2 (aiding and abetting);

c. Multiple acts indictable under Title 18, United States Code, Section 1344 (bank fraud) and Title 18, United States Code, Section 2 (aiding and abetting);

9. It was part of the conspiracy that HECTOR ASDRUBAL GARCIA ZUNIGA, a.k.a. "Murry," a.k.a. "Munra;" CARLOS LUIS ZAMBRANO BOLIVAR; JHONNY JESUS MARTINEZ SERRANO; JHONATAN NAHIN TORO GONZALEZ; and EHIKER ALEXANDER MORALES MENDOZA, a.k.a. "El Ingeniero," a.k.a. "El Negro;" each agreed that a co-conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the enterprise.

SPECIAL SENTENCING FACTORS

Murder of Victim 1

10. As part of their agreement to conduct and participate in the conduct of the affairs of the TdA enterprise through a pattern of racketeering activity, the defendants HECTOR ASDRUBAL GARCIA ZUNIGA, a.k.a. "Murry," a.k.a. "Munra;" CARLOS LUIS ZAMBRANO BOLIVAR; and JHONNY JESUS MARTINEZ SERRANO; committed the following act:

7

11.    On or about August 24, 2024, in the Northern District of Texas, HECTOR ASDRUBAL GARCIA ZUNIGA, a.k.a. "Murry," a.k.a. "Munra;" CARLOS LUIS ZAMBRANO BOLIVAR; JHONNY JESUS MARTINEZ SERRANO; and others known and unknown to the Grand Jury, did intentionally and knowingly cause the death of Victim 1 and intentionally did so in the course of intentionally and knowingly kidnapping Victim 1, Victim 2, and Victim 3.

In violation of 18 U.S.C. § 1962(d).

## COUNT 2
### (MURDER IN AID OF RACKETEERING)

12.    At all times relevant to this Indictment, as more fully described in Paragraphs 1 through 7 of Count 1 of this Indictment, which are re-alleged and incorporated by reference as though set forth fully herein, TdA, including its leaders, members, and associates, constituted an enterprise as defined in Title 18, United States Code, Section 1959(b)(2), namely, a group of individuals associated in fact that engaged in, and the activities of which affected, interstate and foreign commerce. The enterprise constituted an ongoing organization whose members and associates functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

13.    At all times relevant to this Indictment, the TdA enterprise, through its leaders, members, and associates, engaged in racketeering activity as defined in Title 18, United States Code, Section 1959(b)(1) and 1961(1), namely offenses involving murder in violation of Texas Penal Code Section 19.02 and 19.03; kidnapping, in violation of Texas Penal Code Sections 20.03 and 20.04, and Title 18, United States Code, Section 1201; attempted robbery in violation of Texas Penal Code Sections 29.02 and 15.01; and bank fraud, in violation of Title 18, United States Code, Section 1344.

14.    On or about August 24, 2024, in the Northern District of Texas and elsewhere, the defendants, HECTOR ASDRUBAL GARCIA ZUNIGA, a.k.a. "Murry," a.k.a. "Munra;" CARLOS LUIS ZAMBRANO BOLIVAR; JHONNY JESUS MARTINEZ SERRANO, along with others known and unknown to the Grand Jury, for the purpose of maintaining and increasing position in TdA, an enterprise engaged in racketeering activity,

9

while aiding and abetting each other, did knowingly and intentionally murder Victim 1, in violation of Texas Penal Code Sections 19.02 (murder), and 19.03 (capital murder).

In violation of 18 U.S.C. §§ 1959(a)(1) and 2.

## COUNT 3
### (KIDNAPPING IN AID OF RACKETEERING)

15.     At all times relevant to this Indictment, as more fully described in Paragraphs 1 through 7 of Count 1 of this Indictment, which are re-alleged and incorporated by reference as though set forth fully herein, TdA, including its leaders, members, and associates, constituted an enterprise as defined in Title 18, United States Code, Section 1959(b)(2), namely, a group of individuals associated in fact that engaged in, and the activities of which affected, interstate and foreign commerce. The enterprise constituted an ongoing organization whose members and associates functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

16.     At all times relevant to this Indictment, the TdA enterprise, through its leaders, members, and associates, engaged in racketeering activity as defined in Title 18, United States Code, Section 1959(b)(1) and 1961(1), namely offenses involving murder in violation of Texas Penal Code Section 19.02 and 19.03; kidnapping, in violation of Texas Penal Code Sections 20.03 and 20.04, and Title 18, United States Code, Section 1201; attempted robbery in violation of Texas Penal Code Sections 29.02 and 15.01; and bank fraud, in violation of Title 18, United States Code, Section 1344.

17.     On or about August 24, 2024, in the Northern District of Texas and elsewhere, the defendants, HECTOR ASDRUBAL GARCIA ZUNIGA, a.k.a. "Murry," a.k.a. "Munra;" CARLOS LUIS ZAMBRANO BOLIVAR; JHONNY JESUS MARTINEZ SERRANO; JHONATAN NAHIN TORO GONZALEZ; and EHIKER ALEXANDER MORALES MENDOZA, a.k.a. "El Ingeniero," a.k.a. "El Negro;" along with others known

11

and unknown to the Grand Jury, for the purpose of maintaining and increasing position in

TdA, an enterprise engaged in racketeering activity, while aiding and abetting each other,

did knowingly and intentionally kidnap Victim 1, Victim 2, and Victim 3, in violation of

Texas Penal Code Sections 20.03 and 20.04, and Title 18, United States Code, Section

1201.

In violation of 18 U.S.C. §§ 1959(a)(1) and 2.

<u>COUNT 4</u>
(USING AND CARRYING A FIREARM DURING AND IN RELATION TO A CRIME
OF VIOLENCE)

18.    On or about August 24, 2024, in the Northern District of Texas and elsewhere, the defendant, CARLOS LUIS ZAMBRANO BOLIVAR, along with others known and unknown to the Grand Jury, did knowingly and intentionally use and carry a firearm during and in relation to a crime of violence, for which the defendant may be prosecuted in a court of the United States, to wit: Murder in Aid of Racketeering, as set forth in Count Two of this Indictment, and in the course of such offense, discharged a firearm.

In violation of 18 U.S.C. §§ 924(c)(1)(A) and 2.

## COUNT 5
### (CAUSING DEATH THROUGH THE USE OF A FIREARM)

19.    On or about August 24, 2024, in the Northern District of Texas and elsewhere, the defendant, CARLOS LUIS ZAMBRANO BOLIVAR, along with others known and unknown to the Grand Jury, in the course of a violation of 18 U.S.C. §§ 924(c)(1)(A), as set forth in Count Four of this indictment, did cause the death of Victim 1 through the use of a firearm, which killing is a murder, as defined in 18 U.S.C. § 1111.

In violation of 18 U.S.C. §§ 924(j) and 2.

A TRUE BILL:

_____

FOREPERSON OF THE GRAND JURY

14

RYAN RAYBOULD
UNITED STATES ATTORNEY


JEREMY FUGATE
Assistant United States Attorney


CAROLINE POORE
Assistant United States Attorney


JASON HARLEY
Associate Director, Joint Task Force Vulcan


STEFANI HEPFORD
Trial Attorney, Joint Task Force Vulcan


KELLY MCGANN
Trial Attorney, Joint Task Force Vulcan


JACOB OPERSKALSKI
Trial Attorney, Joint Task Force Vulcan


JOSIE THOMAS
Trial Attorney, Joint Task Force Vulcan

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

THE UNITED STATES OF AMERICA

v.

HECTOR ASDRUBAL GARCIA ZUNIGA,
a.k.a. "Murry," a.k.a. "Munra" (1);

CARLOS LUIS ZAMBRANO BOLIVAR (2);

JHONNY JESUS MARTINEZ SERRANO (3);

JHONATAN NAHIN TORO GONZALEZ (4);

EHIKER ALEXANDER MORALES MENDOZA,
a.k.a. "El Ingeniero," a.k.a. "El Negro" (5)

INDICTMENT

18 U.S.C. § 1962(d)
Racketeer Influenced Corrupt Organizations (RICO) Conspiracy
(Count 1)

18 U.S.C. § 1959(A)(1) and 2
Murder In Aid of Racketeering
(Count 2)

18 U.S.C. § 1959(A)(1) and 2
Kidnapping In Aid of Racketeering
(Count 3)

18 U.S.C. § 924(c)(1)(A)
Using and Carrying a Firearm During and in Relation to a Crime of Violence
(Count 4)

18 U.S.C. § 924(j)
Causing Death Through the Use of a Firearm
(Count 5)

A true bill rendered

---

DALLAS                                                          FOREPERSON

Filed in open court this _30_ day of June, 2026.

---

**Warrant to be Issued** for all Defendants

---

UNITED STATES MAGISTRATE JUDGE
No Criminal Matter Pending